**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4637**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:98-cr-00183-JAB-3)

Submitted:  March 30, 2010            Decided:  April 16, 2010

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Moore appeals the district court's revocation of his supervised release and the twenty-one month sentence imposed upon revocation. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in revoking Moore's supervised release and sentencing Moore to twenty-one months' imprisonment, but concluding there are no meritorious grounds for appeal. Moore did not file a pro se supplemental brief despite being informed of his right to do so, and the Government elected not to file a brief. We affirm.

After considering the applicable 18 U.S.C. § 3553(a) (2006) factors, a district court may revoke a term of supervised release upon finding by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2006). We review such factual findings and credibility determinations for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in

2

our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38 (2007)], whether a sentence is 'unreasonable.'"). If we conclude that a sentence is not unreasonable, we will affirm the sentence. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.; see Finley, 531 F.3d at 294.

Although the district court must consider the Chapter 7 policy statements of the United States Sentencing Guidelines Manual ("USSG") and the requirements of 18 U.S.C. § 3583(e), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted). While a sentencing court must provide sufficient explanation of the sentence to allow effective review of its reasonableness on appeal, the court need not "'robotically tick through § 3553(a)'s every subsection.'" United States v. Moulden, 478 F.3d 652, 657 (4th

3

Cir. 2007) (probation revocation) (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)).

After reviewing the record, we find the district court did not err in revoking Moore's supervised release. However, it appears that the district court committed procedural error when sentencing Moore upon revocation of his supervised release. Though the court correctly determined that Moore's guideline range upon revocation was twenty-one to twenty-seven months' imprisonment and sentenced Moore to the low end of that range, the court entirely failed to provide any explanation for its chosen sentence, apart from noting the applicable guideline range. We have recently confirmed that the requirement that a sentencing court adequately explain its chosen sentence is equally applicable to sentences imposed upon revocation of supervised release. United States v. Thompson, ___ F.3d ___, 2010 WL 624118, *2 (4th Cir. 2010). Though the court is not required to be as detailed or specific as when imposing a sentence following a criminal conviction, "it still must provide a statement of reasons for the sentence imposed." Id. (quoting Moulden, 478 F.3d at 657) (internal quotation marks omitted).

Here, the district court provided no explanation of its chosen sentence. Though we afford great deference to district courts imposing sentences, "a district court may not simply impose sentence without giving any indication of its

4

reasons for doing so." Thompson, 2010 WL 624118 at *2. Accordingly, the district court's failure to explain its sentence renders its sentence procedurally unreasonable.

However, because Moore failed to object to the adequacy of the district court's explanation, we will only reverse for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Though we have found that "a defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review," Thompson, 2010 WL 624118 at *1, the record reflects that Moore's attorney only requested that his supervised release not be revoked. The attorney made no request for a sentence within or outside of the guideline range. Accordingly, Moore has not preserved his claim, and our review is for plain error. Under plain error review,

> [A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted).

5

Although the district court erred in failing to explain Moore's sentence and the error is plain, we conclude that this error did not affect Moore's substantial rights. In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted). Here, Moore was sentenced at the low end of a correctly calculated guideline range, and did not argue for a lower sentence. Under these circumstances, Moore cannot show that the sentence imposed by the district court was longer than one to which he otherwise would have been subjected had the court adequately conducted an individualized assessment on the record.

Finally, we turn to the substantive propriety of Moore's sentence. After reviewing the record, we find that Moore's sentence was substantively reasonable, as he was sentenced at the low end of the properly calculated guideline range, this court affords a presumption of reasonableness to such sentences, and Moore has not rebutted this presumption. See Rita v. United States, 551 U.S. 338, 341, 347 (2007); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED